Stanley SANDERS, Plaintiff,

v.

FARADAY LABORATORIES, INCORPO-
RATED, Arnold Suresky, Barny Elman,
John Gassman, Edward Hoener, A. Jay
Merritt and Flaks, Zaslow & Company,
Incorporated, Defendants.

No. 74–C–45.

United States District Court,
E. D. New York.

March 29, 1979.

Avrom S. Fischer, Brooklyn, N. Y., for plaintiff.

Frank A. Dugan, New York City, for defendants; Lewis S. Sandler, New York City, of counsel.

BARTELS, District Judge.

On January 8, 1974, plaintiff Stanley Sanders instituted this class action pursuant to Rule 23 of the Federal Rules of Civil Procedure under § 22 of the Securities Act of 1933 ("Act"), 15 U.S.C. § 77v, to enforce a liability created by §§ 11 & 12(2) of the Act, 15 U.S.C. §§ 77k and 77l. The gravamen of the complaint against the defendant Faraday Laboratories, Inc., ("Faraday") and the other defendants is that plaintiff and others similarly situated purchased shares of Faraday's common stock in reliance upon a registration statement filed August 10, 1971 and the prospectus issued thereunder,[1] both of which allegedly contained an untrue statement of a material fact and an omission of material facts, rendering the registration statement and the prospectus false and misleading. Plaintiff further alleges that the underwriters of the stock, defendant Flaks, Zaslow & Company, and Faraday's management (presumably the defendant directors) knew the statements were false and misleading. Specifically, the alleged misstatement and omissions pertained to the reliability and necessity for Food and Drug Administration ("FDA") clearance of a new product—the OVA II Pregnancy Test—which Faraday was then beginning to market. Although the product was subsequently determined not to be subject to FDA jurisdiction,[2] plaintiff maintains that as a consequence of his purchase of Faraday shares in reliance upon the misleading registration statement, he has suffered injury for which he is entitled to recover damages. Defendants deny any liability stemming from the August 1971 statement and prospectus.

On November 16, 1978—four years and eleven months after the action was instituted—plaintiff moved under Fed.R.Civ.P. 23(c)(1) to have this action certified as a class action. Although the parties admit that discovery proceedings are now practically completed, plaintiff has served only a limited number of interrogatories since the filing of the complaint and has conducted only one deposition which was not noticed until November 1978. Defendants oppose the motion on two principal grounds: (1) that plaintiff cannot represent the class because he has suffered no damages under the cause of action stated, and (2) that plaintiff's failure to seek class certification until almost five years after filing of the complaint and his failure to vigorously prosecute the action render him an inadequate class representative.

## DISCUSSION

Fed.R.Civ.P. 23(a) provides, in pertinent part, as follows:

> One or more members of a class may sue . . . as representative parties on behalf of all only if . . . (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class.

1. The prospectus covered 160,000 shares of common stock, of which plaintiff purchased approximately 3,275. Prior to initiation of this action, plaintiff sold 1,975 of those shares.

2. In April 1972, the Food and Drug Administration ("FDA") made symbolic seizures of OVA II and commenced an action in the United States District Court for the District of New Jersey, claiming that defendant Faraday had an obligation to have the product registered as a drug. In July 1975, the district court found that the product was not a drug and that the FDA seizure was unjustified. *United States v. An Article of Drug OVA II*, 414 F.Supp. 660 (D.N.J.1975). On April 26, 1976, the district court's decision was affirmed. 535 F.2d 1248 (3d Cir. 1976).

Subsection (b) of Rule 23 requires the court to find also "that the questions of law or fact common to the members of the class predominate over any questions affecting only individual members . . ." Defendants' initial contention is that, even assuming they violated the Act, plaintiff would be unable to recover any damages because he sold all but 1300 of his Faraday shares at average prices greatly in excess of the amount at which the shares were offered to the public by Faraday and that, under the computation mandated by § 11(e) of the Act, plaintiff has made a substantial profit.[3] Thus, it is defendants' position that plaintiff could not, under those circumstances, adequately represent other class members who conceivably could establish actual injury.

■ The claims of the representative of the class must, of course, be typical of those of the class, but we do not believe that plaintiff's inability to prove damages reflects adversely upon the typicality of his claim or his ability to adequately represent and protect the interests of the other class members. Numerous decisions in this Circuit and elsewhere have properly focussed on the typicality of a plaintiff's claim as it applies to the general liability issues rather than on the plaintiff's ultimate ability to recover. *Mersay v. First Republic Corp. of America*, 43 F.R.D. 465, 469 (S.D.N.Y.1968); *Polak v. Noel Industries, Inc.*, 64 F.R.D. 333, 335 (S.D.N.Y.1974); *Held v. Missouri Pacific Railroad Company*, 64 F.R.D. 346, 349–50 (S.D.Tex.1974); *Dorfman v. First Boston Corp.*, 62 F.R.D. 466, 472–73 (E.D.Pa.1973); *see generally*, Newberg, Class Actions § 1115e (1977). Similarly, it is established that the individualized proof required on issues such as damages or reliance of each class member does not preclude a finding that common questions of law or fact predominate over individual questions and, further, that such issues may, if necessary, be tried separately. *Green v. Wolf Corporation*, 406 F.2d 291, 300–01 (2d Cir. 1968), *cert. denied*, 395 U.S. 977, 89 S.Ct. 2131, 23 L.Ed.2d 766 (1969); *Herbst v. International Telephone and Telegraph*, 495 F.2d 1308, 1314–15 (2d Cir. 1974); *Fischer v. Kletz*, 41 F.R.D. 377, 382–83 (S.D.N.Y.1966).

■ There is little doubt that Rule 23 does not require a court to adjudicate the merits of a plaintiff's claim to certify a class. Such an interpretation of Rule 23 has been rejected by the United States Supreme Court in *Eisen v. Carlisle and Jacquelin*, 417 U.S. 156, 178, 94 S.Ct. 2140, 2153, 40 L.Ed.2d 732, 742 (1974). *See also Miller v. Mackay International*, 452 F.2d 424, 427–28 (5th Cir. 1971); *Mersay v. First Republic Corp. of America*, 43 F.R.D. at 469; *Dorfman v. First Boston Corp.*, 62 F.R.D. at 478. Defendants do not contend that plaintiff's claim as to liability differs from the claims of other potential class members resulting from the asserted violation of the Act or that common questions of law or fact do not predominate on the issue of liability. Whether plaintiff will or will not be successful at trial in proving damages is immaterial at this stage of the proceeding. We believe that consideration of such an issue upon this motion is inappropriate and, consequently, that it does not affect plaintiff's qualifications under Rule 23 to represent a class.

Defendants' second contention, however, raises a more serious issue. Subdivision (c) of Rule 23 describes the time frame in which the question of class certification should be considered, and it provides that "[a]s soon as practicable after the com-

---

**3.** According to defendants, the shares were offered to the public at $5 per share pursuant to the Registration Statement; plaintiff purchased 3,275 shares at an average cost of $23.68 per share and a total cost of $77,544.55; and plaintiff sold all but 1300 of the shares for $68,430.00 at an average price per share of $34.65. Defendants contend that § 11(e) of the Securities Act of 1933 ("Act"), 15 U.S.C. § 77k(e), limits the damages a plaintiff may recover to the price at which the shares were offered to the public and, therefore, that plaintiff has already recouped more than he would be entitled to recover should he be able to establish liability of the defendants. Because we find that the question of individual damages does not affect plaintiff's qualifications to represent the class as to liability, it is unnecessary for us to consider these contentions at the present time.

mencement of an action brought as a class action, the court shall determine by order whether it is to be so maintained." This rule has been interpreted by some courts to impose an independent obligation on the district court to determine on its own motion whether an action shall proceed as a class action. *Senter v. General Motors Corp.*, 532 F.2d 511, 520–21 (6th Cir. 1976); *Garrett v. City of Hamtramck*, 503 F.2d 1236, 1243 (6th Cir. 1974); *Castro v. Beecher*, 459 F.2d 725, 731 (1st Cir. 1972). However, other courts have held—and plaintiff's attorney conceded at oral argument—that plaintiff has a duty to bring the matter on for determination, just as plaintiff has the burden of proof with respect to the merits of the motion. *Carracter v. Morgan*, 491 F.2d 458, 459 (4th Cir. 1973); *Nance v. Union Carbide Corp.*, 540 F.2d 718, 722–25 (4th Cir. 1976); *Walker v. Columbia University*, 62 F.R.D. 63, 64 (S.D.N.Y.1973). In *East Texas Motor Freight System, Inc. v. Rodriguez*, 431 U.S. 395, 404–05, 97 S.Ct. 1891, 1897, 52 L.Ed.2d 453 (1977), the Court referred to the failure of a plaintiff to move for certification prior to trial as one "strong indication" that plaintiff would not fairly and adequately represent the interests of the class, and it continued:

> Even assuming, as a number of courts have held, that a district judge has an obligation on his own motion to determine whether an action shall proceed as a class action, (citations omitted), the named plaintiffs' failure to protect the interests of class members by moving for certification surely bears strongly on the adequacy of the representation that those class members might expect to receive.

Plaintiff's delay in seeking class certification has been recognized as an important factor in considering a motion for class certification. *In re Value Line Special Situations Fund Litigation; Mendelsohn v. Arnold Bernhard and Co.*, [1975] Fed.Sec.L. Rep. (CCH) ¶ 94,954 (S.D.N.Y.1975); *Adise v. Mather*, 56 F.R.D. 492, 494–95 (D.Colo. 1972); *Walker v. Columbia University*, 62

F.R.D. at 64; *Herbst v. Able*, 45 F.R.D. 451, 453 (S.D.N.Y.1968); *Walton v. Eaton*, 563 F.2d 66, 74–75 (3d Cir. 1977); *Taub v. Glickman*, [1970] Fed.Sec.L.Rep. (CCH) ¶ 92,874 (S.D.N.Y.1970); *Coffin v. Secretary of Health, Education and Welfare*, 400 F.Supp. 953, 956 (D.D.C.1975); *Flora v. Moore*, 78 F.R.D. 358, 360–61 (N.D.Miss.1978). Indeed, according to the *Reports of the Proceedings of the Judicial Conference of the United States* (1961), at 63, a case pending three years and appropriate for trial should be regarded as a judicial emergency. Consequently, a delay of four years and eleven months as occurred here in moving for certification should not be condoned.

■ We recognize the general principle that delay in seeking certification should not, absent other compelling circumstances, result in denial of certification. *Feder v. Harrington*, 52 F.R.D. 178, 181–82 (S.D.N.Y. 1970); *Zolotnitzky v. Yablok*, 18 Fed.Rules Serv.2d 986, 989 (S.D.N.Y.1974); *Gilinsky v. Columbia University in the City of New York*, 62 F.R.D. 178, 179 (S.D.N.Y.1974); *Boring v. Medusa Portland Cement Co.*, 63 F.R.D. 78, 80 (M.D.Pa.1974). In some cases delay may actually be necessary where, for instance, the members or dimensions of the class cannot be determined without benefit of pretrial discovery. *Feder v. Harrington*, 52 F.R.D. at 181–82. But this is not such a case. In fact, plaintiff does not assert that the complexity of issues or determination of class size has in any way necessitated his delay in seeking certification, and his attempt to justify delay by citing the non-existence of a deadline which might have been imposed by the court or by a local rule is without merit. As we read Rule 23, adequate protection of the interests of the class imposes an affirmative obligation on the representative to make a timely motion for certification, and the absence of a local rule setting forth a deadline, such as the 60-day local rule of the Southern District of New York, does not relieve plaintiff of this obligation.[4]

4. Plaintiff's counsel states in his brief and supporting affidavit that at a conference with the

Court which occurred "I believe in 1975," it was his "recollection that the scheduling of a

The delay here is extensive, and together with plaintiff's failure to complete discovery and the potential change in class membership,[5] it poses a substantial risk of misleading potential class members in the belief that their claims arising out of violations of the Act were being vigorously pressed and their interests protected. We conclude that while a class action would be the superior form of a proceeding, plaintiff's obvious failure to vigorously prosecute the action is prejudicial to the potential class members and renders plaintiff an inadequate representative of the class.

Finally, we note that denial of this motion does not cause the proposed class members' claims to be time barred if they desire to prosecute their claims with another representative. As stated in *American Pipe and Construction Co. v. Utah*, 414 U.S. 538, 554, 94 S.Ct. 756, 766, 38 L.Ed.2d 713 (1974), "the commencement of a class action suspends the applicable statute of limitations as to all asserted members of the class who would have been parties had the suit been permitted to continue as a class action."

Accordingly, plaintiff's motion for certification of the class is hereby denied.

SO ORDERED.

---

class action motion was adjourned to a future status conference when the situation [concerning FDA jurisdiction] would be somewhat clearer." The Court has no such recollection, nor does the docket or any other record reflect such an understanding, and plaintiff has failed to substantiate this claim. Further, we cannot understand why the class certification motion could not have been made prior to resolution of the FDA jurisdictional question. It is notable that even after the question was resolved (*see* note 2 *supra*), plaintiff waited over two and one-half years to make this motion and then only after the Court in November 1978 requested that he do so.

5. The class was described in ¶ 25 of the complaint as "all customers of Flaks, Zaslow who purchased the common stock of Faraday that was the subject of the aforementioned registration statement . . ." In the instant motion plaintiff seeks to include "all purchasers of the common stock of Faraday Laboratories, Inc., who purchased the shares that were the subject of the August 1971 Registration Statement of Faraday Laboratories, Inc., who purchased their shares between August 10, 1971 and August 9, 1974."