Davis, J., dissented and filed opinion in which Maynard, J., joined.

Multiply this offender's incarceration sentence by hundreds of other similar cases, and we can see why West Virginia is spending money that we need—for teachers and nurses and doctors and roads and bridges and schools—on wasteful, unnecessary imprisonment.

590 S.E.2d 677

**Angela S. LOVE, Plaintiff Below, Appellant,**

v.

**GEORGIA–PACIFIC CORPORATION and Timothy Adams, Defendants Below, Appellees.**

No. 31228.

Supreme Court of Appeals of West Virginia.

Submitted Oct. 8, 2003.

Decided Dec. 3, 2003.

Dissenting Opinion of Justice Davis Dec. 9, 2003.

Ralph C. Young, Esq., Hamilton, Burgess, Young & Pollard, Fayetteville, West Virginia, Attorney for Appellant.

A. Neal Barkus, Esq., Hunton & Williams, Washington, DC, Attorney for Appellees.

Justice ALBRIGHT concurs and reserves the right to file a concurring opinion.

PER CURIAM:

The appellant Angela S. Love filed a complaint in the Wyoming County Circuit Court in July of 1996 under the Wage Payment and Collection Act ("the WPCA"), *W.Va.Code,* 21–5–1 through—18 [1987], against the appellee Georgia–Pacific Corporation. In her action, the appellant also sought class certifi-

cation. In May of 2002, the circuit court of Wyoming County denied the appellant's motions for class certification discovery and class certification; the circuit court then transferred the action to Fayette County Circuit Court. The appellant argues that the circuit court erred in denying her request to conduct discovery limited to class certification, and that the circuit court prematurely denied certification of the class.

We agree with the appellant's contentions and reverse the circuit court's order regarding the appellant's request to conduct class certification discovery.

## I.

The appellee Georgia–Pacific Corporation operated a manufacturing plant in Fayette County where the appellant worked.[1] In 1996, when the appellant filed her complaint,[2] all of the employees at the appellee's Fayette County manufacturing plant were paid once a month, or at the employee's request, the appellee would pay the employee up to 40% of the employee's gross monthly earnings on the fifteenth of the month and the balance of the employee's net earnings on the last day of the month. In addition, the appellee paid its employees any overtime earned on the last day of the month following the month in which the employee worked overtime. For example, the appellee did not pay overtime earned during the month of June until July 31.

In July of 1996, the appellant and her husband[3] filed a complaint in the Circuit Court of Wyoming County for themselves and as representatives of a class. In their complaint, the appellant and her husband alleged that the appellee's payroll practices violated the Wage Payment and Collection Act. Specifically, the appellant argued that W.Va.Code, 21–5–3 [1979][4] requires employers to pay their employees' wages, including overtime, at least once every two weeks, and the appellee, at best, paid its employees twice a month.

In December of 1996, the appellant filed a motion for partial summary judgment, arguing that the appellee's payroll policy violated the WPCA as a matter of law. The appellee filed a cross-motion for summary judgment, arguing that the appellee's practice of paying its workers either once or twice a month did not violate "the letter or the spirit" of the WPCA.

On March 12, 1997, the circuit court denied both parties' motions for summary judgment.[5] On September 26, 2001, the appellant filed a motion seeking leave to conduct discovery limited to class certification and a motion to certify a class. Objecting to the appellant's motions, the appellee argued that the appellant's motions were untimely and that the appellant had allowed the interests of the class to "languish" unaddressed. The appellee further argued that to allow the appellant to continue after so long a delay would prejudice the appellee—who had, in the interim, closed its Fayette County plant and many of its other operations in West Virginia. The appellee also filed a motion to dismiss for failure to prosecute.[6]

---

1. Both Georgia–Pacific Corporation and Timothy Adams, in his capacity as Georgia–Pacific Corporation's plant manager, were named in the appellant's action. For clarity, we will refer to Georgia–Pacific Corporation and Timothy Adams, collectively, as "the appellee."

2. The appellant filed her original complaint in Wyoming County where the appellee also had operations because the appellant believed that Wyoming County provided a preferable venue than Fayette County.

3. By stipulation of the parties, the appellant's husband was dismissed from the action on May 20, 1998 with prejudice.

4. W.Va.Code, 21–5–3 [1979] states, in part, that "[e]very person, firm or corporation doing business in this State ... shall settle with its employees at least once in every two weeks, unless otherwise provided by special agreement [with the Division of Labor], and pay them the wages due[.]"

5. With the exception of the appellee taking the appellant's deposition and the dismissal of David Love as a party in May of 1998, no additional action of note transpired in this action until September 26, 2001.

6. This Court is not persuaded by the appellee's argument of prejudice. Rule 41 of the West Virginia Rules of Civil Procedure [1998] provided the appellee with the option to file a motion to dismiss for failure to prosecute, but the appellee failed to raise the issue until the appellant filed her new motions in September 2001.

In April of 2002, the Wyoming County Circuit Court conducted a hearing on the appellee's motion to dismiss and the appellant's motions to conduct discovery and to certify a class. During the hearing, the appellant, at the suggestion of the circuit court, asked the circuit court to transfer the action to Fayette County where the appellant had worked for the appellee.

On May 20, 2002, the Wyoming County Circuit Court entered an order denying both the appellant's motion to conduct discovery relating to class certification and the appellant's motion to certify a class; the circuit court also denied the appellee's motion to dismiss for failure to prosecute. The circuit court then transferred the entire action to the Circuit Court of Fayette County.

This interlocutory appeal of the denial of class certification and the right to conduct discovery related to the prerequisites for class certification, therefore, comes to this Court from Fayette County. On appeal, the appellant does not challenge the transfer of the case to Fayette County.[7] Instead, she claims that the Wyoming County Circuit Court abused its discretion by refusing to allow her to conduct discovery on class certification, and that the circuit court abused its discretion by denying her motion for class certification.

## II.

█ We review the circuit court's order denying the appellant's motion for class certification under an abuse of discretion standard.[8] "This Court will review a circuit court's order granting or denying a motion for class certification pursuant to Rule 23 of the *West Virginia Rules of Civil Procedure* [1998] under an abuse of discretion standard." Syllabus Point 1, *In Re: West Virginia Rezulin Litigation*, 214 W.Va. 52, 585 S.E.2d 52 (2003).

█ To certify a class, the moving party must satisfy the requirements of Rule 23 of the *West Virginia Rules of Civil Procedure*. "The party who seeks to establish the propriety of a class action has the burden of proving that the prerequisites of Rule 23 of the West Virginia Rules of Civil Procedure have been satisfied." Syllabus Point 6, *Jefferson County Board of Education v. Jefferson County Education* Association, 183 W.Va. 15, 393 S.E.2d 653 (1990).

█ In Syllabus Point 8 of *In Re: West Virginia Rezulin Litigation*, we clarified the prerequisites for class certification.

Before certifying a class under Rule 23 of the *West Virginia Rules of Civil Procedure* [1998], a circuit court must determine that the party seeking class certification has satisfied all four prerequisites contained in Rule 23(a)—numerosity, commonality, typicality, and adequacy of representation—and has satisfied one of the three subdivisions of Rule 23(b). As long as these prerequisites to class certification are met, a case should be allowed to pro-

---

**7.** We do not address the merits of the underlying causes of action.

**8.** Rule 23 of the *West Virginia Rules of Civil Procedure* [1998] states, in pertinent part, that:

(a) *Prerequisites to a class action*—One or more members of a class may sue or be sued as representative parties on behalf of all only if (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class.

(b) *Class actions maintainable*—An action may be maintained as a class action if the prerequisites of subdivision (a) are satisfied, and in addition:

(1) The prosecution of separate actions by or against individual members of the class would create a risk of

(A) Inconsistent or varying adjudications... or

(B) Adjudications with respect to individual members of the class which would as a practical matter be dispositive of the interests of the other members not parties to the adjudications... or

(2) The party opposing the class has acted or refused to act on grounds generally applicable to the class... or

(3) The court finds that the questions of law or fact common to the members of the class predominate over any questions affecting only individual members, and that a class action is superior to other available methods for the fair and efficient adjudication of the controversy[.]

ceed on behalf of the class proposed by the party.

Where a party seeks to proceed as a class representative under Rule 23 of the *West Virginia Rules of Civil Procedure* [1998], and where issues related to class certification are present, reasonable discovery related to class certification issues is appropriate, particularly where the pleadings and record do not sufficiently indicate the presence or absence of the requisite facts to warrant an initial determination of class action status. "[A]n exploration beyond the pleadings is essential to make an informed judgment on the propriety of a proposed spurious class action." *Burks v. Wymer*, 172 W.Va. 478, 485, 307 S.E.2d 647, 654 (1983) (discussing a prior version of Rule 23).

The appellant has the burden of satisfying the prerequisites of Rule 23. Without conducting discovery on the prerequisites for class certification, the appellant is severely hampered in her ability to address and to meet her burden for class certification under Rule 23.[9] Therefore, we find that the circuit court abused its discretion in denying the appellant's motion to conduct discovery on class certification. Because the appellant has not yet had an opportunity to meaningfully address and to meet her burden under Rule 23, we further find that the circuit court prematurely denied the appellant's motion for class certification.

### III.

Accordingly, we reverse the order of the Circuit Court of Wyoming County and remand the action to the Circuit Court of Fayette County with directions for the circuit court to permit the appellant to conduct discovery on class certification issues and for the circuit court to reconsider the appellant's motion for class certification after adequate discovery.

Reversed.

Justice DAVIS concurs and reserves the right to file a concurring opinion.

Justice MAYNARD dissents and reserves the right to file a dissenting opinion.

DAVIS, Justice, dissenting:

(Filed Dec. 9, 2003)

The majority opinion found that the circuit court erred by refusing to permit discovery on the issue of class certification in this case.[1] I disagree, and therefore respectfully dissent.

The majority noted that "where issues related to class certification are present, reasonable discovery related to class certification issues is appropriate." Maj. op. at 488, 590 S.E.2d at 681. I agree that there is certainly ample authority for granting discovery on the issue of class certification. Indeed, "[c]ourts may permit discovery on the single issue of certification if it is shown to be desirable." Franklin D. Cleckley, Robin J. Davis & Louis J. Palmer, Jr., *Litigation Handbook on West Virginia Rules of Civil Procedure* 474 (2002) (footnote omitted). *See, e.g., DeBruyne v. Equitable Life Assur. Soc'y*, 920 F.2d 457, 462 (7th Cir. 1990) (relating district court proceedings and acknowledging that district court had granted request to conduct discovery of class certification issues).[2]

Importantly, however, the circuit court has discretion as to whether to allow discovery on the issue of class certification. *See Stewart v. Winter*, 669 F.2d 328, 331 (5th Cir.1982) ("Whether discovery will be per-

---

9. We do not address whether the granting of class action status is appropriate in the underlying case.

1. The majority did not express an opinion as to whether the granting of class action status would ultimately be appropriate in this case.

2. Due to the similarities between our Rules of Civil Procedure and the Federal Rules, we often look to decisions of the Federal Courts interpreting their rules as persuasive authority on how to apply our own rules. *See State ex rel. Ball v. Cummings*, 208 W.Va. 393, 399, 540 S.E.2d 917, 923 (1999) (observing the substantial similarity between West Virginia Rule of Civil Procedure 24(a)(2) and Federal Rule of Civil Procedure 24(a)(2), and commenting that, due to this similarity " 'we follow our usual practice of giving substantial weight to federal cases in determining the meaning and scope of our rules of civil procedure.' " (quoting *Lawyer Disciplinary Bd. v. Cunningham*, 195 W.Va. 27, 33 n. 11, 464 S.E.2d 181, 187 n. 11 (1995) (additional citation omitted)).

mitted in connection with a motion for a class certification determination 'lies within the sound discretion of the trial court.)'" (quoting *Kamm v. California City Dev. Co.*, 509 F.2d 205, 209) (9th Cir.1975)). Under the particular facts of this case, I do not believe the circuit court abused that discretion as Ms. Love failed to demonstrate that she would adequately protect the interests of the class as required by Rule 23(a)(4) of the West Virginia Rules of Civil Procedure. It has been explained that "'[a]dequacy of representation' means that the class representative has common interests with unnamed class members and will *vigorously prosecute the interests of the class* through qualified counsel." *Piazza v. Ebsco Indus., Inc.*, 273 F.3d 1341, 1346 (11th Cir.2001) (emphasis added). In this case there was clearly no attempt to vigorously prosecute the interests of the class. "Failure to timely move for certification of a class 'bears strongly on the adequacy of representation that those class members might expect to receive.'" *In re Folding Carton Antitrust Litig.*, 88 F.R.D. 211, 214 (N.D.Ill.1980) (quoting *East Texas Motor Freight Sys., Inc. v. Rodriguez*, 431 U.S. 395, 405, 97 S.Ct. 1891, 1897, 52 L.Ed.2d 453 (1977)). In this case there was a lapse of approximately four-and-one-half years during which there was no action in the case, other than the withdrawal of one of the plaintiffs in 1998. This represents a plain failure to adequately protect the interests of the class.[3] Other courts have denied class certification under comparable circumstances. *See McCarthy v. Kleindienst*, 741 F.2d 1406, 1412 (D.C.Cir.1984) (commenting, in case where motion for certification was filed three years after suit was filed, "we believe it was within the District Court's broad discretion to rely upon the untimeliness of the class certification motion, and the unfavorable consequences caused by the delay, as grounds for denying certification."); *In re Folding Carton Antitrust Litigation*, 88 F.R.D. 211 (finding inadequate representation where motion to certify was filed more than four-years after the start of the litigation and two and one-half years from the court's denial of an earlier motion to certify); *Sanders v. Faraday Labs., Inc.*, 82 F.R.D. 99, 103 (E.D.N.Y.1979) (finding denial of class certification appropriate as delay of four years and eleven months "together with plaintiff's failure to complete discovery and the potential change in class membership, ... poses a substantial risk of misleading potential class members in the belief that their claims ... were being vigorously pressed and their interests protected.") (footnote omitted). *See also East Texas Motor Freight System, Inc. v. Rodriguez*, 431 U.S. 395, 404–05, 97 S.Ct. 1891, 1897, 52 L.Ed.2d 453, 463 (finding class action status not proper on other grounds, but commenting that plaintiffs' failure to move for class certification prior to trial was a "strong indicat[ion]" that plaintiffs would not "'fairly and adequately protect the interests of the class.'" (quoting from Fed.R.Civ.P. 23(a)). Due to the plaintiffs utter failure for more than four years to pursue this case, or to take any action to protect the interests of the putative class, I cannot conclude that the circuit court abused its discretion either by denying discovery or by declining to grant class certification.

---

**3.** This delay is made more troublesome by the fact that, during the period of delay, the Georgia–Pacific factory where Ms. Love was employed was closed, along with several other of its plants in West Virginia, relevant corporate records were moved and stored in various places, and many Georgia–Pacific employees were laid off or resigned. To the extent that there may be a requirement of prejudice caused by the delay, I believe these factors adequately demonstrate prejudice. *Compare In re Folding Carton Antitrust Litig.*, 88 F.R.D. 211, 214 ("Plaintiffs argue that untimeliness cannot justify denial of certification unless defendants can prove that they were prejudiced by the delay .... [The cases cited by Plaintiffs], however, were decided before *East Texas Motor Freight v. Rodriguez*, 431 U.S. 395, 97 S.Ct. 1891, 52 L.Ed.2d 453 (1977), which did not require a showing of prejudice, and in light of the Supreme Court's holding in that case, cannot be considered controlling." (internal citations omitted)), *with Stolz v. United Bhd. of Carpenters and Joiners of Am.*, 620 F.Supp. 396, 402 (D.Nev.1985) ("[I]t appears that a delay in filing the motion alone will not be cause for denial of certification. There must also be a showing that the delay has somehow prejudiced the party opposing the motion." (citations omitted)), *and Sanders v. Faraday Labs., Inc.*, 82 F.R.D. 99, 102 (E.D.N.Y.1979) ("We recognize the general principle that delay in seeking certification should not, absent other compelling circumstances, result in denial of certification." (citations omitted)).

In view of the foregoing, I dissent. I am authorized to state that Justice Maynard joins me in this dissenting opinion.