599 S.E.2d 648

**Betty GULAS, Individually and on behalf of all others Similarly Situated, Plaintiffs below, Appellants,**

v.

**INFOCISION MANAGEMENT CORPORATION, Defendant below, Appellee.**

**No. 31673.**

Supreme Court of Appeals of West Virginia.

Submitted: June 9, 2004.

Filed: June 23, 2004.

Starcher, J., concurred and filed separate opinion.

Jennifer M. McGinley, Ann L. Ballard, Ballard–McGinley, PLLC, Morgantown, George R. Adase, Wheeling, for the Appellants.

Debra T. Herron, McNeer, Highland, McNunn & Warner, LLC, Clarksburg, Thomas Evan Green, Kastner Westman & Wilkins, LLC, Akron, OH, for the Appellee.

PER CURIAM.

Betty Gulas, and the putative class she represents (hereinafter collectively referred to as "Ms. Gulas"), plaintiffs below and appellants, appeal a final order of the Circuit Court of Harrison County denying her motion to certify a class, denying her motion to amend her complaint, and granting a motion to dismiss filed by Infocision Management Corporation (hereinafter referred to as "Infocision"), defendant below and appellee. Having reviewed the briefs, examined the record, consulted the pertinent authorities, and heard the oral arguments of counsel, we find that this case should be remanded for discovery on the issue of class certification.

## I.

### FACTUAL AND PROCEDURAL HISTORY

Infocision is in the telemarketing business. In 1988, Infocision opened a call center in Huntington, and less than a year later opened another call center in Clarksburg. On December 19, 2002, Ms. Gulas filed a complaint against Infocision. In her complaint, Ms. Gulas alleged that, upon being hired, employees were given contracts that specified wage and vacation pay schedules. Ms. Gulas alleged that Infocision had breached the terms of the contracts.

With the agreement of Ms. Gulas, Infocision was granted an additional thirty days to answer the complaint. On February 21, 2003, Infocision filed a motion to dismiss for failure to state a claim pursuant to W. Va. R. Civ. P. 12(b)(6). The 12(b)(6) motion alleged that Ms. Gulas had already successfully litigated her claims.

On March 20, 2003, Ms. Gulas filed a motion to certify the case as a class action pursuant to W. Va. R. Civ. P. 23. On this same day, Ms. Gulas conceded that she was barred from pursuing her claims by the doctrine of *res judicata*. However, she then moved to amend the complaint to substitute Shirley Myer (hereinafter referred to as "Ms. Myer"), for Ms. Gulas as class representative.

On April 1, 2003, Infocision filed its Brief in Opposition to the motion to certify the class. On April 21, 2003, Ms. Gulas filed her response to Infocision's opposition to class certification. This response also included a request to file a second amended complaint substituting Thomas Watson (hereinafter referred to as "Mr. Watson") as class representative since Ms. Myer had sustained injuries from a brain aneurysm which precluded her participation as a class representative.

By order entered April 23, 2004, the circuit court denied Ms. Gulas's motion to certify the class and her motion to amend the complaint. The court then granted Infocision's motion to dismiss because Ms. Gulas conceded she was barred from suing Infocision under the doctrine of res *judicata*.

## II.

### STANDARD OF REVIEW

■ The standard of review governing the class certification issues raised in this case was set forth in Syllabus point 1 of *In re West Virginia Rezulin Litigation*, 214 W.Va. 52, 585 S.E.2d 52 (2003), wherein we held that "[t]his Court will review a circuit court's order granting or denying a motion for class certification pursuant to Rule 23 of the *West Virginia Rules of Civil Procedure* [ (1998) ] under an abuse of discretion standard." With this standard in mind, we consider the issues presented in this appeal.

## III.

### DISCUSSION

The primary issue that Ms. Gulas raises in this appeal is that the circuit court erred in refusing to certify a class under W. Va. R.

Civ. P. 23.[1] She asserts that she has met all of the requirements of the rule and that the circuit court erred in refusing to certify the class. Infocision disputes this assertion. It claims that Ms. Gulas has failed to meet several of the requirements for class certification and, since the class certification test is unitary, that her failure to meet even one of the tests means that the circuit court was correct in declining to certify a class. However, we find that on the record before us, we cannot reach the merits of whether the circuit court abused its discretion in denying class certification.

■ The circuit court entered its final order on April 23, 2003. In so doing, it was bound by law arising prior to that date. Subsequent to the circuit court's order in the case, we decided *In re Rezulin,* the seminal case in West Virginia on Rule 23.[2] Prior to *In re Rezulin,* the leading case in West Virginia on class actions was *Burks v. Wymer,* 172 W.Va. 478, 307 S.E.2d 647 (1983). *In re Rezulin,* 214 W.Va. at 64 n. 8, 585 S.E.2d at 64 n. 8. In *In re Rezulin,* however, we observed that *Burks* dealt with the 1960 version of Rule 23 and that in 1998 we amended Rule 23 to bring it more in line with Fed. R. Civ. Pro. 23. *In re Rezulin,* 214 W.Va. at 64 n. 8, 585 S.E.2d at 64 n. 8. Consequently, we

then said, "[w]hile the factors in *Burks v. Wymer* remain helpful to courts evaluating the propriety of a class certification, we no longer believe they are sufficient under our current version of Rule 23." *Id.* at n. 8, 585 S.E.2d at 64 n. 8. Consequently, we crafted a new syllabus point dealing with Rule 23 certification:

Before certifying a class under Rule 23 of the *West Virginia Rules of Civil Procedure* [ (1998) ], a circuit court must determine that the party seeking class certification has satisfied all four prerequisites contained in Rule 23(a)-numerosity, commonality, typicality, and adequacy of representation-and has satisfied one of the three subdivisions of Rule 23(b). As long as these prerequisites to class certification are met, a case should be allowed to proceed on behalf of the class proposed by the party.

Syl. pt. 8, *In re Rezulin,* 214 W.Va. 52, 585 S.E.2d 52.

■ Additionally, we reiterated that " '[t]he party who seeks to establish the propriety of a class action has the burden of proving that the prerequisites of Rule 23 of the West Virginia Rules of Civil Procedure have been satisfied.' Syllabus Point 6, *Jefferson County Board of Education v. Jeffer-*

---

1. West Virginia Rule of Civil Procedure 23 provides, in pertinent part:

   **(a) Prerequisites to a Class Action.** One or more members of a class may sue or be sued as representative parties on behalf of all only if (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class.
   **(b) Class Actions Maintainable.** An action may be maintained as a class action if the prerequisites of subdivision (a) are satisfied, and in addition:
   (1) The prosecution of separate actions by or against individual members of the class would create a risk of
   (A) Inconsistent or varying adjudications with respect to individual members of the class which would establish incompatible standards of conduct for the party opposing the class; or
   (B) Adjudications with respect to individual members of the class which would as a practical matter be dispositive of the interests of

the other members not parties to the adjudications or substantially impair or impede their ability to protect their interests; or
(2) The party opposing the class has acted or refused to act on grounds generally applicable to the class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole; or
(3) The court finds that the questions of law or fact common to the members of the class predominate over any questions affecting only individual members, and that a class action is superior to other available methods for the fair and efficient adjudication of the controversy. The matters pertinent to the findings include: (A) the interest of members of the class in individually controlling the prosecution or defense of separate actions; (B) the extent and nature of any litigation concerning the controversy already commenced by or against members of the class; (C) the desirability or undesirability of concentrating the litigation of the claims in the particular forum; (D) the difficulties likely to be encountered in the management of a class action.

2. We decided *In re Rezulin* on July 3, 2003.

son County Education Association, 183 W.Va. 15, 393 S.E.2d 653 (1990)." Syl. pt. 4, *In re Rezulin.* We took this last point to heart in *Love v. Georgia–Pacific Corp.,* 214 W.Va. 484, 488, 590 S.E.2d 677, 681 (2003), decided on December 3, 2003, thus, also subsequent to the circuit court's order in this case, when we recognized that:

> Where a party seeks to proceed as a class representative under Rule 23 of the *West Virginia Rules of Civil Procedure* [ (1998) ], and where issues related to class certification are present, reasonable discovery related to class certification issues is appropriate, particularly where the pleadings and record do not sufficiently indicate the presence or absence of the requisite facts to warrant an initial determination of class action status.

In the instant case, neither the circuit court nor the parties had the benefit of our opinions in either *In re Rezulin* or *Love.* Moreover, during the oral argument before this Court, which focused on the *In re Rezulin* criteria, it became apparent that the parties disagree on a number of factual issues related to the propriety of class certification. In such circumstances, we believe that the appropriate course of action is to reverse the circuit court's order denying class certification as premature and remand this case so that the circuit court can allow the parties to conduct limited discovery related to whether this action should be certified under Rule 23.[3] Our decision should not be taken as a comment either on whether a class should be certified or on the substantive merits of the case. "When a circuit court is evaluating a motion for class certification under Rule 23 of the *West Virginia Rules of Civil Procedure* [ (1998) ], the dispositive question is not whether the plaintiff has stated a cause of action or will prevail on the merits, but rather whether the requirements of Rule 23 have been met." Syl. pt. 7, *In re Rezulin.*

Having concluded that denial of class certification should be reversed for the purpose of allowing discovery as to the appropriateness of certifying a class, we now dispose of the remaining two issues. First, we affirm the circuit court's granting of Infocisions' Rule 12(b)(6) motion as to Ms. Gulas since she agrees that she cannot, under the circumstances, maintain her action because she previously sued Infocision.[4] However, we reverse the circuit court's decision to deny Ms. Gulas' motion to amend the complaint to substitute Mr. Watson as a class representative. The circuit court's ruling on this issue was based upon its decision that this case was not amenable to class action status. Thus, the motion to amend to substitute a new class representative would have been fruitless. However, as we have shown, the decision to deny certification was premature. Therefore, Mr. Watson should be substituted as representative of a putative class at this point solely as a party who has standing to claim that this case should be certified as a class action. Again, in so doing, we express no opinion on the propriety of class action status or the substantive merits of the case.

## IV.

## CONCLUSION

For the preceding reasons, the judgment of the Circuit Court of Harrison County is

---

**3.** The United States Supreme Court follows a similar approach in what is known as a "GVR" order-a summary disposition, not necessarily on the merits, whereby the Court grants certiorari, vacates the lower court judgment, and remands for reconsideration in light of an intervening Supreme Court ruling. Robert L. Stern, et al., *Supreme Court Practice* 317 (8th ed.2002).

**4.** Ms. Gulas claims that a Rule 12(b)(6) motion to dismiss cannot be granted as to the affirmative defense of *res judicata* because such a defense requires looking beyond the pleadings and would convert the motion to dismiss into a summary judgment. W. Va. R. Civ. P. 12(b). However, "[a] court on notice that it has previously decid-

ed an issue may dismiss the action *sua sponte,* consistent with the *res judicata* policy of avoiding judicial waste[,]" *Bezanson v. Bayside Enterprises, Inc.,* 922 F.2d 895, 904 (1st Cir.1990), especially since Ms. Gulas conceded the point below. *See also Andrews v. Daw,* 201 F.3d 521, 524 n. 1 (4th Cir.2000) ("[W]hen entertaining a motion to dismiss on the ground of res judicata, a court may take judicial notice of facts from a prior judicial proceeding when the res judicata defense raises no disputed issue of fact.... Because [plaintiff] does not dispute the factual accuracy of the record of his previous suit against [defendant] ... the district court did not err in taking judicial notice of this prior case.").

affirmed in part, reversed in part and remanded.

Affirmed in part, reversed in part and remanded.

Justice STARCHER concurs and reserves the right to file a concurring opinion.

STARCHER, J., concurring.

Class actions are, in a word, intimidating. They are the long-distance marathons of the legal world. They are expensive, time-consuming, and difficult to manage.

They are also an indispensable tool for litigants, plaintiffs and defendants alike, to "secure the just, speedy, and inexpensive determination" of many actions. Rule 1, *West Virginia Rules of Civil Procedure.*

When employees sue a company for some wrongdoing by the company, they often find that the focus is on themselves. Questions are raised as to whether the plaintiff was a good employee or whether the plaintiff is believable on cross-examination. Oftentimes, the company can find some "dirt" so it can smear and intimidate the plaintiff or say, years after the plaintiff left the company's employ, that it would have fired the plaintiff anyway had the "dirt" been discovered earlier.

Class litigation by a group of employees, on the other hand, is focused just as relentlessly on the defendant. This is, in large part, why corporate defendants despise class actions.

But the bigger the class, the greater the likelihood that the defendant will argue that there is no common problem across the system. Defendants will argue, as they did in this case, that each plaintiff's case is different. Defendants will take the position that each employee had a different contract, a different manager, or worked in different departments or different sites.

Defendants attempting to avoid class certification will, almost exclusively, overwhelm a circuit judge with the differences between each class member's case. It is akin to a judge being asked to look at a forest of oak trees and being told the difference between each tree: each tree has a different height, a different color, a different number of leaves, a unique number of branches, a wide variation in the number and size of tree rings, and so on.

The test for the judge, though, is to step back and look at the similarities in class members. Step back and see the forest. No matter the number of branches or leaves, a collection of oak trees has enough similarities to be called a "class" of oak trees. So, on remand, the judge in the instant case should do the same: focus on the class members and find their similarities. Assess the employees of defendant Infocision and determine their similarities. If these employees had a contract (which is hotly disputed by the employer), and that contract contained a similar term that was repeatedly (but not necessarily always) breached by the employer, it may be more expeditious for the circuit court to certify a class, and try once and for all that contract issue.

Likewise, if Infocision had a pattern and practice of violating the State's wage payment and collection laws, it may be more fair to both the employer and the employees for the circuit court to resolve that question in one proceeding, and then decertify the class for resolution of each employee's individual damages.

Creativity and determination by a circuit judge are key to the fair resolution of an action such as the one at bar, because the damages suffered by the plaintiffs are likely to be small, but the cost of resolving the plaintiffs' legal contentions, for both plaintiffs and defendants alike, is likely to be great. The procedures available to a circuit court under Rule 23 of the *Rules of Civil Procedure* are much more effective tools for reaching a just, speedy, and inexpensive determination of the issues raised. The alternative—dozens if not thousands of individual trials by each plaintiff—would likely overwhelm the limited resources of the court and the parties.

I therefore respectfully concur.