# STATE OF WEST VIRGINIA
# SUPREME COURT OF APPEALS

**Carlotta Evans,**
**Plaintiff Below, Petitioner**

**FILED**

October 4, 2013
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**vs)   No. 12-0921** (Nicholas County 11-C-138)

**Richard Jones and Cammie Chapman,**
**Defendants Below, Respondents**

## MEMORANDUM DECISION

Petitioner Carlotta Evans, an obstetrician and a licensed attorney proceeding in her own interest, appeals the order of the Circuit Court of Nicholas County, entered July 17, 2012, that granted respondents' separate motions to dismiss petitioner's action against them. Respondent Richard Jones, by counsel Thomas J. Hurney Jr. and Patricia M. Nidiffer, filed a response. Respondent Cammie Chapman, by counsel David D. Johnson III, also filed a response. Petitioner filed a reply to each response.

The Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

In a previous action, Civil Action No. 09-C-20, petitioner sued Summersville Regional Medical Center ("SRMC") and certain of its employees for defamation, intentional infliction of emotional distress, and retaliatory interference with contract rights. In the complaint, petitioner alleged that the defendants retaliated against her after she informed SRMC that she was seeking to open a women's hospital in Summersville. Among other allegations, petitioner asserted that the defendants retaliated against her by initiating peer review of petitioner's professional conduct after she complained about a failure to get an answer to why her scheduled inductions of patients were being delayed.

Peer review proceedings and records are ordinarily privileged and not subject to discovery. The Health Care Peer Review Organization Protection Act, West Virginia Code §§ 30-3C-1 to -4 ("Peer Review Act") provides, in pertinent part, as follows:

> The proceedings and records of a review organization shall be confidential and privileged and shall not be subject to subpoena or discovery proceedings or be admitted as evidence in any civil action

1

arising out of the matters which are subject to evaluation and review by such organization and no person who was in attendance at a meeting of such organization shall be permitted or required to testify in any such civil action as to any evidence or other matters produced or presented during the proceedings of such organization or as to any findings, recommendations, evaluations, opinions or other actions of such organization or any members thereof.

W.Va. Code § 30-3C-3. West Virginia Code § 30-3C-3 contains a number of limited exceptions to the provision above, one of which provides that "in any civil action filed by an individual whose activities have been reviewed, any testimony, documents, proceedings, records and other evidence adduced before any such review organization shall be available to such further review organization, the court and the individual whose activities have been reviewed." West Virginia Code § 30-3C-3 allows for a protective order to protect the confidentiality of peer review records provided to a court in an action filed by an individual who has been the subject of peer review.

The circuit court entered such a protective order in Civil Action No. 09-C-20. However, petitioner objected and refused to answer any questions concerning peer review proceedings at SRMC during a deposition. The circuit court ordered petitioner to answer questions otherwise protected by the peer review privilege.

Petitioner challenged the circuit court's order directing her to answer questions specifically regarding peer review through a petition for a writ of prohibition filed in Supreme Court No. 101363. Petitioner asserted that her right to confidentiality of the peer review process would be violated if peer review information were to be used in connection with a non-peer review case and that permitting peer review documents to be used in such a case is not consistent with the intended purpose of the Peer Review Act. Petitioner asserted that she had a right to expect peer review information to remain confidential and that the defendants had not met the burden to show just cause for the use of a protective order. Petitioner argued that courts have held the purpose of protective orders is to protect peer review materials where the privilege has been lifted because the information is available from an original source or where the privilege has been waived. Petitioner argued that a protective order cannot be used to grant permission to possess and use protected peer review information that a defendant otherwise is not entitled to use.

In their response to petitioner's petition, the defendants asserted that petitioner "opened the door" to the use of peer review records because of the allegations in her complaint in Civil Action No. 09-C-20. The defendants asserted that an integral part of their defense would be that any peer review of petitioner was appropriate, was based upon her disruptive behavior, and had nothing to do with any retaliatory motive. The defendants asserted that the circuit court recognized that West Virginia Code § 30-3C-3 allowed the discovery of peer review information in limited circumstances, but required the entry of a protective order to protect the information from further dissemination. The defendants asserted that the circuit court's protective order very closely followed the requirements of West Virginia Code § 30-3C-3. Subsequently, this Court refused petitioner's petition. Civil Action No. 09-C-20 was then settled out-of-court.

In this case, Civil Action No. 11-C-138, petitioner sued Respondent Jones, who was the

defendants' counsel of record in Civil Action No. 09-C-20, and Respondent Chapman who served as outside counsel to SRMC for the following: (1) violation of the peer review privilege found in West Virginia Code § 30-3C-3; (2) violation of an affirmative duty to keep information confidential; (3) invasion of privacy; (4) abuse of process; and (5) malicious prosecution. Petitioner asserts that Respondent Chapman was also counsel of record in Civil Action No. 09-C-20; however, in granting respondents' motions to dismiss the instant action,[1] the circuit court found that Respondent Chapman was not counsel of record for SRMC. Petitioner argued that Respondent Chapman made an appearance as counsel when she signed Respondent Jones's name on a motion to amend the answer of an individual defendant to assert a counterclaim against petitioner in Civil Action No. 09-C-20. The circuit court found that Respondent Chapman's signing of Respondent Jones's name did not constitute an appearance as counsel of record.

The circuit court further found that "even if [Respondent] Chapman had appeared as counsel of record for defendants in Civil Action No. 09-C-20, [petitioner]'s claims against her in the present civil action would necessarily fail for the same reasons stated in this Order with respect to [Respondent] Jones." The circuit court held that the litigation privilege barred all of petitioner's claims except for malicious prosecution. The circuit court further held that if the litigation privilege did not bar a claim for abuse of process, petitioner still could not proceed because process never issued on the counterclaim Respondent Jones proposed to bring on behalf of one of the individual defendants in Civil Action No. 09-C-20 and the motion to amend was never heard by the circuit court.[2]

Although the circuit court recognized that the litigation privilege did not bar petitioner's claim for malicious prosecution (with respect to the proposed counterclaim), it found that because the motion to amend was never granted, the counterclaim was never filed. Therefore, the circuit court concluded that petitioner's complaint "fails to state a claim for malicious prosecution."[3]

With respect to Respondent Chapman, the circuit court found that she was entitled to possess and review the peer review information possessed by SRMC in her role as its outside counsel. Accordingly, on July 17, 2012, the circuit court dismissed petitioner's action in Civil

---

[1] The circuit court conducted a hearing on the motions to dismiss on March 9, 2012.

[2] The circuit court also dismissed the abuse of process claim because the court determined that the counterclaim conferred no collateral advantage on the defendant on behalf of whom it was proposed. *See Preiser v. MacQueen*, 177 W.Va. 273, 279 n. 8, 352 S.E.2d 22, 28 n. 8 (1985). (evidence that a collateral advantage has been obtained is relevant in demonstrating that lawfully issued process has been used for an improper purpose).

[3] The circuit court also found that petitioner could not state a claim for malicious prosecution because Civil Action No. 09-C-20 did not terminate in her favor. *See* Syl. Pt. 1, *Norfolk Southern Railroad Co. v. Higginbotham*, 228 W.Va. 522, 721 S.E.2d 541 (2011) ("To maintain an action for malicious prosecution it is essential to prove (1) that the prosecution was malicious, (2) that it was without reasonable or probable cause, and (3) that it terminated favorably to plaintiff.") (Internal quotations and citations omitted.).

Action No. 11-C-138.

"Appellate review of a circuit court's order granting a motion to dismiss a complaint is *de novo*." Syl. Pt. 2, *State ex rel. McGraw v. Scott Runyan Pontiac-Buick, Inc.*, 194 W.Va. 770, 461 S.E.2d 516 (1995).

On appeal, petitioner argues that the litigation privilege does not bar her present action and asserts that the prior action in Civil Action No. 09-C-20 did not relate to the issue of peer review. "The litigation privilege is generally applicable to bar a civil litigant's claim for civil damages against an opposing party's attorney if the alleged act of the attorney occurs in the course of the attorney's representation of an opposing party and is conduct related to the civil action." Syl. Pt. 3, *Clark v. Druckman*, 218 W.Va. 427, 624 S.E.2d 864 (2005). Petitioner argues that the circuit court should not have taken judicial notice of what she claimed in Civil Action No. 09-C-20 because in doing so, the circuit court negated certain allegations she made in her present action. *But see Gulas v. Infocision Management Corp.*, 215 W.Va. 225, 229 n. 4, 599 S.E.2d 648, 652 n. 4 (2004) ("[A] court on notice that it has previously decided an issue may dismiss the action *sua sponte*, consistent with the . . . policy of avoiding judicial waste.") (Internal quotations and citations omitted.). The circuit court found that petitioner's peer review was placed into issue in Civil Action No. 09-C-20 given some of the allegations she made in that action. Respondents argue that the circuit court properly took judicial notice of Civil Action No. 09-C-20. Petitioner contends that neither respondent makes any specific reference to documents that can be used to confirm the alleged facts that the circuit court judicially noticed. This Court's own records from the related prohibition proceeding in Supreme Court No. 101363 confirm that peer review was an issue in Civil Action No. 09-C-20. Therefore, this Court finds that the circuit court properly took notice of Civil Action No. 09-C-20. Because respondents' access to and use of peer review material with regard to petitioner was related to Civil Action No. 09-C-20, this Court concludes that the circuit court did not err in dismissing the majority of petitioner's claims based upon the litigation privilege.[4]

The litigation privilege does not apply to petitioner's claims of malicious prosecution and abuse of process.[5] Petitioner argues that the fact that the proposed counterclaim was never filed against her is irrelevant. However, we find that the circuit court correctly held that the counterclaim could not have been filed until the court granted leave. Rule 15(a) of the West

---

[4] The fact that respondents' use of peer review material with regard to petitioner was related to Civil Action No. 09-C-20 also means that contrary to petitioner's contentions, respondents did not commit any violation of the Peer Review Act because of the exception found in West Virginia Code § 30-3C-3 allowing access to peer review material "in any civil action filed by an individual whose activities have been reviewed."

[5] Although respondents argue in support of the circuit court's alternative holding that the litigation privilege applies to bar abuse of process claims, because the Court finds that the circuit court properly dismissed that claim on its merits, we decline to address the circuit court's alternative holding.

Virginia Rules of Civil Procedure provides as follows:

> A party may amend the party's pleading once as a matter of course at any time before a responsive pleading is served or, if the pleading is one to which no responsive pleading is permitted and the action has not been placed upon the trial calendar, the party may so amend it at any time within 20 days after it is served. *Otherwise a party may amend the party's pleading only by leave of court or by written consent of the adverse party*; and leave shall be freely given when justice so requires. A party shall plead in response to an amended pleading within the time remaining for response to the original pleading or within 10 days after service of the amended pleading, whichever period may be the longer, unless the court otherwise orders.

(Emphasis added.). Petitioner notes that the counterclaim was attached when the motion to amend was filed and that she responded to the motion. However, these facts do not alter Rule 15(a)'s requirement that the motion be granted before Respondent Jones could file the counterclaim on behalf of his client. The motion was never brought on for a hearing, much less granted by the circuit court. Therefore, the motion was left unaddressed. After careful consideration, this Court concludes that the circuit court did not err in dismissing the claims of malicious prosecution and abuse of process because the counterclaim against petitioner was never filed.

For the foregoing reasons, we find no error in the decision of the Circuit Court of Nicholas County and affirm its July 17, 2012 order granting respondents' separate motions to dismiss the present action.

Affirmed.

**ISSUED:** October 4, 2013

**CONCURRED IN BY:**
Chief Justice Brent D. Benjamin
Justice Robin Jean Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II