**FILED**
**June 15, 2021**
released at 3:00 p.m.
EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

No. 20-1029 – *State of West Virginia ex rel. Health Care Alliance, Inc., and HCFS Health Care Financial Services, LLC d/b/a Alcoa Billing Center v. The Honorable Eric O'Briant, Judge of the Circuit Court of Logan County, and Kelsey Starr*

Justice Hutchison, concurring:

The central issue in this class-action case concerns certification-related discovery to determine whether the plaintiff can meet the prerequisites of Rule 23 of the West Virginia Rules of Civil Procedure and, if certification of a class is proper, the boundaries of the class and the issues to be resolved in the action. I concur with the majority's opinion, but I write separately to assure the circuit judge below that his decision was not wrong but was, instead, likely premature.

This Court has said that a class action may only be certified if the circuit court is satisfied, after a rigorous and thorough[1] analysis, that the four prerequisites of Rule 23(a), and at least one of the subdivisions of Rule 23(b), have been satisfied. *See* Syl. pt.

---

[1] I anticipate that every judge applies a proper legal analysis to every question presented in his or her courtroom, and a judge does not need reminders from this Court to be "rigorous," "thorough," or "reasonable." When I see Court opinions that rely upon these modifiers, I am reminded of a scene in the courtroom drama *A Few Good Men* (1992). As the lawyers are standing in an empty courtroom at the close of proceedings, one lawyer chides another lawyer over her failed "strenuous" objection to a witness's testimony. The lawyer (Lieutenant Weinberg) says, sarcastically:

> "I strenuously object?" Is that how it works? Hm? "Objection." "Overruled." "Oh, no, no, no [your honor]. No, I *strenuously* object." "Oh. Well, if you strenuously object then I should take some time to reconsider."

1

8, *In re W. Va. Rezulin Litig.*, 214 W. Va. 52, 585 S.E.2d 52 (2003); Syl. pt. 8, *State ex rel. Chemtall Inc. v. Madden*, 216 W. Va. 443, 607 S.E.2d 772 (2004); Syl. pt. 7, *State ex rel. Surnaik Holdings of WV, LLC v. Bedell*, 244 W. Va. 248, 852 S.E.2d 748 (2020). "Whether the requisites for a class action exist rests within the sound discretion of the trial court." Syllabus Point 5, *Mitchem v. Melton*, 167 W. Va. 21, 277 S.E.2d 895 (1981).

When a plaintiff moves to certify a class and, in so doing, offers detailed and undisputed facts, it is easier for a circuit court to determine the existence and boundaries of the class under the terms of Rule 23. Having the parties confer and stipulate as to relevant facts that are not genuinely disputed also assists a court in assessing whether the Rule 23 prerequisites have been met and in refining the issues for class resolution. But when the plaintiff has not clearly established the facts regarding class certification in the pleadings, or when a party opposing a class action disputes the facts or asserts that the claims raise individual issues, then a circuit court must consider whether certification-related discovery is needed "to determine if the prerequisites of Rule 23 have been met and, if so, how to define the class." David F. Herr, *Annotated Manual for Complex Litigation* § 21.14 (4th ed. 2021).

This Court approved of precertification discovery in the *per curiam* opinion of *Love v. Georgia Pacific Corporation*, 214 W. Va. 484, 488, 590 S.E.2d 677, 681 (2003), and said that "reasonable discovery related to class certification issues is appropriate, particularly where the pleadings and record do not sufficiently indicate the presence or absence of the requisite facts to warrant an initial determination of class action status."

Other courts have likewise held that "it is essential that a plaintiff be afforded a full opportunity to develop a record containing all the facts pertaining to the suggested class and its representatives.  It is seldom, if ever, possible to resolve class representation questions from the pleadings[.]" *Int'l Woodworkers of Am., AFL-CIO, CLC v. Chesapeake Bay Plywood Corp.*, 659 F.2d 1259, 1268 (4th Cir. 1981).  The leading treatise on class-action law provides that a class-action plaintiff

> must demonstrate that the case meets all of the requirements of Rule 23(a), [and] fits into one of the categories of Rule 23(b) . . .  If facts are contested with regard to any of these issues, the plaintiff is entitled to develop those facts through the formal discovery process.  Correlatively, the defendant is entitled to utilize those same discovery devices to demonstrate that the facts cut against certification.

William B. Rubenstein, 3 *Newberg on Class Actions* § 7:14 (5th ed. 2021).  *See also*, *Vinole v. Countrywide Home Loans, Inc.*, 571 F.3d 935, 942 (9th Cir. 2009) ("Our cases stand for the unremarkable proposition that often the pleadings alone will not resolve the question of class certification and that some discovery will be warranted."); *Landsman & Funk PC v. Skinder-Strauss Assocs.*, 640 F.3d 72, 93 (3d Cir. 2011) ("[A]llowing time for limited discovery supporting certification motions may . . . be necessary for sound judicial administration."); Joseph M. McLaughlin, 1 *McLaughlin on Class Actions* § 3:7 (17th ed. 2020) ("[I]n most cases discovery into issues relevant to class certification is warranted and appropriate.").

If certification-related discovery is needed, then the extent of that discovery is at the discretion of the circuit court.  *See Heerwagen v. Clear Channel Commc'ns*, 435

3

F.3d 219, 233 (2d Cir. 2006) ("The amount of [class] discovery is generally left to the trial court's considerable discretion."); *Baldwin & Flynn v. Nat'l Safety Assocs.*, 149 F.R.D. 598, 600 (N.D. Cal. 1993) ("[T]he extent of pre-certification discovery is at the discretion of the trial court."); 5 *Moore's Federal Practice* § 23.85[1] ("District courts have considerable discretion to determine whether, and to what extent, to allow discovery with respect to class certification issues."). When the circuit court cannot fairly assess the propriety of class certification without discovery, it is an abuse of discretion to deny it. *Doninger v. Pac. Nw. Bell, Inc.*, 564 F.2d 1304, 1312 (9th Cir. 1977) ("It is clear that under some circumstances the failure to grant discovery before denying class treatment is reversible error.").

There is a theoretical distinction between discovery on the "merits" of a class action and discovery into "certification issues," but that distinction is often blurred in practice:

> Courts often bifurcate discovery between certification issues and those related to the merits of the allegations. Generally, discovery into certification issues pertains to the requirements of Rule 23 and tests whether the claims and defenses are susceptible to class-wide proof; discovery into the merits pertains to the strength or weaknesses of the claims or defenses and tests whether they are likely to succeed. There is not always a bright line between the two. Courts have recognized that information about the nature of the claims on the merits and the proof that they require is important to deciding certification. Arbitrary insistence on the merits/class discovery distinction sometimes thwarts the informed judicial assessment that current class certification practice emphasizes.

*Annotated Manual for Complex Litigation*, § 21.14.

In the instant case, the plaintiff sought certification-related discovery from the defendants regarding the existence and parameters of the class action. However, the plaintiff also sought medical bills concerning individuals who are not parties – individuals some cases call "putative class members" or "putative parties" – and sought the names, addresses, and account information of those individuals. The circuit judge's instinct that this information is often discoverable was not entirely wrong. Let me explain.

*Newberg*'s treatise on class action law offers the following discussion regarding the scope of certification-related discovery:

> The certification motion requires a court to look at issues of numerosity, commonality, typicality, adequacy of representation, counsel's adequacy, and, depending upon the type of class suit, issues such as the limitations of a fund, the need for injunctive relief, or the predominance of common issues and the superiority of the class device.
>
> Any of these inquiries may involve contested factual questions. In developing those facts, the basic parameters of Rule 26 apply in the first instance: the parties may discover any relevant information that is not privileged.

3 *Newberg on Class Actions* § 7:16.

Rule 26(b) of our Rules of Civil Procedure provides that the "[p]arties may obtain discovery regarding any matter, not privileged, which is relevant to the subject matter involved in the pending action[.]" Unfortunately, on the facts of this case and, more significantly, at this stage in the case, the plaintiff has not shown how the names, addresses, and account information of the non-party individuals—that is, the putative class members—were relevant. Specifically, the plaintiff sought to show that there were

5

numerous putative class members in West Virginia who received allegedly fraudulent billings from the defendants, so many that joinder of those individuals in one case would be impractical; that there was some question of law or fact common to the plaintiff and those putative class members; and that the plaintiff's claims were typical of the claims those putative class members could assert. *See* Rule 23(a). However, the names of these other non-party individuals, these putative class members, would do nothing to prove these elements. Aside from those persons' residency in West Virginia, their actual addresses would not prove these elements. Moreover, the sort of medical procedure they received, or the name of the doctor who provided the medical service, is irrelevant to the factors in Rule 23(a). The same goes for the three elements in Rule 23(b).

Our opinion in this case finds that the circuit judge's discovery orders are not "reasonable." This is not because the information is not generally discoverable, but because it is not discoverable *at this stage of the proceedings*. As I said, the circuit judge's instinct in requiring the defendant to provide this information was not wholly off the mark. "The disclosure of names, addresses, and telephone numbers is a common practice in the class action context." *Artis v. Deere & Co.*, 276 F.R.D. 348, 352 (N.D. Cal. 2011). The United States Supreme Court has recognized the importance of permitting class counsel to communicate with potential class members for the purposes of gathering information, even prior to class certification. *See Gulf Oil Co. v. Bernard*, 452 U.S. 89, 102-03 (1981). "[A]s a general rule, before class certification has taken place, all parties are entitled to equal access to persons who potentially have an interest in or relevant knowledge of the subject

6

of the action, but who are not yet parties." *Koo v. Rubio's Restaurants, Inc.*, 135 Cal. Rptr. 2d 415, 428 (Cal. App. 2003).

But, at this early stage of the proceedings, the plaintiff failed to show how the personal, medically related information sought is relevant to the circuit court's assessment of whether to certify a class action. Given the manner in which the plaintiff has framed her case, she has failed to show an entitlement to the information. Hence, although it was a close call, it was an abuse of discretion for the circuit court to have required its production. Whether that information becomes discoverable down the road remains to be seen.

I otherwise concur with the majority's opinion.