**BALDWIN & FLYNN, Plaintiffs,**

v.

**NATIONAL SAFETY ASSOCIATES, et al., Defendants.**

No. C–93–0571 BAC (FSL).

United States District Court, N.D. California.

June 2, 1993.

Paul L. Warner, Jeffer, Mangels, Butler & Marmaro, Los Angeles, CA, for defendants.

Andrew P. Lamis, Lieff, Cabraser & Heimann, San Francisco, CA, for plaintiffs.

## ORDER RE DISCOVERY

LANGFORD, United States Chief Magistrate Judge.

IT IS HEREBY ORDERED that defendants' Motion to Compel Depositions is DENIED.

## BACKGROUND

National Safety Associates is a multilevel direct sales organization. Its products are household air and water filtration systems. One pays a fee to become a dealer or independent distributor. A dealer/distributor can advance and earn income through either one's own sales to the public or through the sales made by others recruited into the marketing program.

Plaintiffs describe this as a "pyramid sales scheme." Members benefit from sales to others in the distribution chain, as well as retail sales to the public.

NSA says it has existed for twenty years. Plaintiffs say that it has existed in its present form only since 1986, at its present volume since 1988.

State regulators have accused NSA of fraud. It has settled with such regulators in ten states, having paid fines and penalties of $500,000.

In this lawsuit, plaintiffs claim violations of federal securities laws, RICO, and make pendent state law claims for fraud, unfair competition and false advertising.

## DISCOVERY DISPUTE

Defendants wish to take the depositions of at least 15–20 of 44 unnamed class members. A Motion for Class Certification has been filed April 2, 1993, for hearing July 30, 1993.

Defendants say plaintiffs at one point were willing for defendant to depose 15 unnamed plaintiffs, half to be selected by each side. Plaintiffs deny this.

Defendants say this is not the usual securities fraud case, which is most often based on claims in a written prospectus. Defendants oppose class certification because they say that each plaintiff may have received a different "pitch" from a different person. Multiple speakers may number as many as 100. Many of the speakers may have been independent contractors, not agents of NSA. Plaintiffs may have relied on different aspects of the NSA presentations.

The defendant wants the court to hear from as many plaintiffs as possible, through their deposition transcripts, to decide whether the putative class members share common questions of law and fact.

It is critical to NSA's Motion in Opposition to Class Certification to be able to demonstrate that each independent distributor relied on unique and separate aspects of the NSA proposition, or in fact relied on statements of other putative class members whose statements are not attributable to NSA.

Defendants claim no U.S. District Court has ever certified a class of independent contractor/distributors, alleging pyramid scheme fraud, except to settle a class action where existence of the class was stipulated by the parties.

Plaintiffs claim that pyramid scheme cases certified other than by stipulated settlement

include: *Davis v. Avco Corp.,* 371 F.Supp. 782 (N.D.Ohio 1974), aff'd, 739 F.2d 1057, 1062 (6th Cir.1984); *In re Glenn W. Turner Enterprises Litigation,* 521 F.2d 775, 777 (3d Cir.1975). Plaintiffs note one such case decided by Judge Patel in this District: *Nguyen v. FundAmerica, Inc.,* Fed.Sec.L.Rep. (CCH) ¶ 95,497, 1990 WL 165251 (N.D.Cal. 1990).

## APPLICABLE LAW

Rule 23, Federal Rules of Civil Procedure, provides, in pertinent part:

(a) Prerequisites to a Class Action. One or more members of a class may sue or be sued as representative parties on behalf of all only if (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class.

■ A court is bound to take the substantive allegations of the complaint as true. The court may not require plaintiffs to make a preliminary proof of their claim; it requires only sufficient information to form a reasonable judgment. Lacking that, the court may request the parties to supplement the pleadings with sufficient material to allow an informed judgment on each of the Rule's requirements. *Blackie v. Barrack,* 524 F.2d 891, 901 n. 17 (9th Cir.1975).

■ Defendants must have leave of court to take depositions of members of a putative class, other than the named class members— after first showing that discovery is both necessary and for a purpose other than taking undue advantage of class members *Clark v. Universal Builders, Inc.,* 501 F.2d 324, 340–341 (7th Cir.1974). The burden is heavy to justify asking questions by interrogatories, even heavier to justify depositions. *Id.* at 341. The court described taking depositions in such a case as "appropriate in special circumstances."

Plaintiffs say that the 42 putative class members are dispersed across the United States. The court should consider the need for efficiency and economy before ordering discovery *Klein v. King,* 132 F.R.D. 525 (N.D.Cal.1990).

A court may find that pre-certification discovery is needed *Folding Cartons, Inc. v. American Can Co.,* 79 F.R.D. 698, 700 (D.Ill. 1978); the extent of pre-certification discovery is at the discretion of the trial court *Kamm v. California City Development Co.,* 509 F.2d 205, 209 (9th Cir.1975); where the propriety of class certification cannot be fairly determined without discovery, it is an abuse of discretion to deny it *Doninger v. Pacific Northwest Bell, Inc.,* 564 F.2d 1304, 1312 (9th Cir.1977); *Kamm,* 509 F.2d at 210.

Plaintiffs say that the allegations of the complaint and supporting declarations provide enough information to permit the court to decide whether to certify the class. *4 Newberry on Class Actions* § 22.72 at pages 22–296 (3d ed.); *Shelter Realty Corp. v. Allied Maintenance Corp.,* 574 F.2d 656, 661 n. 15 (2d Cir.1978).

## ANALYSIS

■ For the class of plaintiffs in this case to be certified, they must meet the requirements of Rule 23, Federal Rules of Civil Procedure. Defendants are seeking depositions of anywhere from 12 to 20 of the unnamed plaintiffs in the as yet uncertified class. They say they need to provide evidence for the court that plaintiffs' claims do not have the common issues of fact and law required by Rule 23(a)(2) of Federal Rules of Civil Procedure for their case to be certified as a class action. Defendants claim that this case is not based on written materials, but on verbal inducements. Therefore, each plaintiff may have relied on a different "pitch" from a different person.

A court may not require plaintiffs to prove their case in order to be certified as a class. It needs only sufficient information to make a reasonable judgment and must accept the allegations of the complaint as true. *Blackie v. Barrack,* 524 F.2d at 901.

Plaintiffs in their complaint cite as sources of misrepresentation: promotional seminars, audio-tapes, videos, scripted telephone pre-

sentations, written promotional materials and other promotional efforts which NSA used to recruit dealer/distributors. Plaintiffs also offer examples of written promotional materials extolling the good life which NSA has brought to some of its dealer/distributors.

Plaintiffs have provided ample documentation of written and scripted materials upon which they relied before joining NSA. Any oral representations which might be revealed in plaintiffs' depositions would be only minor additions to the overwhelming volume of evidence of NSA's recruitment techniques.

Defendants have failed to demonstrate the need for depositions of unnamed class members. The motion of defendants to compel depositions of unnamed class members is DENIED.