Shalena **DYSTHE**, individually and on behalf of all others similarly situated, et al., Plaintiffs,

v.

**BASIC RESEARCH, L.L.C., a Utah limited liability company, et al., Defendants.**

No. CV 09–08013 AG (SSx).

United States District Court, C.D. California.

April 8, 2011.

---

Alfredo Torrijos, Brian S. Kabateck, Richard L. Kellner, Karen Liao, Kabateck, Brown, Kellner, LLP, Los Angeles, CA, Michael V. Storti, Carlsbad, CA, for Plaintiffs.

Gary F. Bendinger, Howrey LLP, New York City, Joanne Lichtman, Baker Hostetler, Los Angeles, CA, Alex Doherty, Howrey LLP, Los Angeles, CA, Andrea M. Weiss, Mayer Brown, LLP, Los Angeles, CA, David R. Parkinson, Ronald F. Price, Price, Parkinson & Kerr PLLC, Salt Lake City, UT, Helen Chae MacLeod, Price, Parkinson & Kerr PLLC, Newport Beach, CA, Michael L. Resch, Mayer Brown, LLP, Los Angeles, CA, Richard S. Burdge, Jr., Los Angeles, CA, William L. Seldeen, Howrey LLP, Los Angeles, CA, for Defendants.

## MEMORANDUM AND ORDER GRANTING DEFENDANTS' MOTION TO COMPEL DEPOSITION OF PLAINTIFF ERIC HALL

SUZANNE H. SEGAL, United States Magistrate Judge.

On March 22, 2011, defendants Basic Research, LLC and The Carter–Reed Company, LLC (collectively, "Defendants") filed a "Notice of Motion and Motion to Compel Deposition of Plaintiff Eric Hall" (the "Motion to Compel" or "MTC"). The parties

submitted a Joint Stipulation ("Jt. Stip.") with the Motion to Compel reflecting their respective positions. Defendants also submitted the Declaration of Michael L. Resch in support of the Motion to Compel ("Resch Decl."), including four exhibits ("Resch Decl. Exhs. 1–4"). Plaintiffs submitted the Declaration of Karen Liao in opposition to the Motion to Compel ("Liao Decl."). Because Hall is currently a named plaintiff and is not a putative class member, and because he has information relevant to the class certification issues, the Motion to Compel is **GRANTED.**

## I. Summary Of The Discovery Dispute

On November 2, 2009, named plaintiffs Shalena Dysthe, Eric Hall and Chaunte Weiss filed a class action complaint alleging that various defendants made purportedly false claims concerning the efficacy of Relacore weight-loss products. (Complaint at 2). On February 16, 2010, named plaintiffs Shalena Dysthe, Eric Hall, Kelly Fortin and Gene Cisneros (collectively, "Plaintiffs") filed a First Amended Complaint ("FAC"). On June 1, 2010, the same four named plaintiffs, including Hall, filed the operative Second Amended Complaint ("SAC"). According to the SAC, Hall purchased a product called "Relacore Extra" in July 2009 in reliance on representations made on the product's packaging and used it. (SAC at 9). The SAC further alleges that Hall took Relacore Extra Tablets and "they were ineffective." (*Id.*). Hall alleges that the representations that Relacore Extra " '[h]elps prevent stress-related abdominal fat' " were false. (*Id.*).

In February 2011, Defendants requested deposition dates for the named Plaintiffs after the parties met to discuss the schedule for the anticipated motion for class certification. (Resch Decl. at 1–2; Resch Decl. Exh. 1 at 1; *id.* Exh. 2 at 1–2). On February 14, 2011, plaintiff Fortin filed a Motion to Certify Class ("Mot. Class Cert.") seeking to be certified as the class representative. (Mot. Class Cert. at 1). On February 23, 2011, not having received a response from Plaintiffs regarding proposed deposition dates, Defendants noticed Hall's deposition for March 9, 2011 and requested confirmation that he

would appear on that date. (Resch Decl. at 3; Resch Decl. Exh. 2 at 1).

On March 2, 2011, Plaintiffs notified Defendants that Hall was not available on March 9, 2011. In addition, Plaintiffs notified Defendants that Hall intended to dismiss his claims from the Second Amended Complaint with prejudice. (Resch Decl. at 3; Liao Decl. at 2). On March 6, 2011, Defendants informed Plaintiffs that they would stipulate to the dismissal of Hall after his deposition was taken. (Resch Decl. at 3). Plaintiffs discussed the voluntary dismissal of Hall's claims with Defendants on March 11, 17, and 18, 2011. (Liao Decl. at 2). On March 21, 2011, plaintiffs Hall and Cisneros filed a Motion for an Order of Voluntary Dismissal ("Dismissal Mot.") seeking an order dismissing their claims with prejudice. (Dismissal Mot. at 1–2). The hearing on that motion is scheduled for April 18, 2011. (Jt. Stip. at 14). In the interim, Defendants seek an order compelling Hall to appear for deposition on April 12, 2011 at 1:00 p.m. (*Id.*).

Defendants contend that even though Hall is attempting to dismiss his claims, Defendants are entitled to take his deposition because (1) Hall is and has been a named plaintiff since the inception of this litigation in November 2009, (2) his deposition was properly noticed, and (3) his testimony is expected to be relevant to issues pertaining to class certification. (Jt. Stip. at 4–6). Specifically, Defendants argue that whether or not Hall remains a named plaintiff, his experience as a purchaser and consumer of Relacore products "would directly bear on the typicality of the claims of the proposed class representative, *i.e.,* Plaintiff Kelly Fortin." (*Id.* at 6). According to Defendants, shielding Hall from deposition "at this late stage of this litigation" will "potentially prejudice Defendants with respect to their ability to marshal evidence in opposition to the pending Motion for Class Certification." (*Id.* at 8).

According to Plaintiffs, Hall has determined that he does not wish to subject himself to the "rigor of litigation," including discovery requests involving personal information, and has "other personal reasons" to seek dismissal of his claims at this time. (Jt. Stip. at 8–9). Plaintiffs contend that "if

and when Hall's motion for voluntary dismissal is granted," Hall's testimony will not be relevant because the dismissal of his claims with prejudice means that Hall will "not even be a putative class member in this lawsuit." (*Id.* at 2). Plaintiffs argue that Defendants have failed to show that Hall's testimony as a non-putative class member is relevant to the issue of class certification or that the information Hall possesses is otherwise unavailable from the representative parties. (*Id.* at 9–10). Plaintiffs maintain that since Defendants will not be prejudiced if they are unable to depose Hall, compelling Hall "to submit to a deposition would be unduly burdensome and harassing." (*Id.* at 11).

## II. Defendants Are Entitled To Take Hall's Deposition

■ Pursuant to the Federal Rules of Civil Procedure, "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense" and this "[r]elevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." Fed.R.Civ.P. 26(b)(1). Ninth Circuit law generally favors a broad scope of discovery. "[W]ide access to relevant facts serves the integrity and fairness of the judicial process by promoting the search for truth." *Epstein v. MCA, Inc.*, 54 F.3d 1422, 1423 (9th Cir.1995).

■ At the pre-class certification stage, discovery in a putative class action is generally limited to certification issues: *e.g.*, the number of class members, the existence of common questions, the typicality of claims, and the representative's ability to represent the class. *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 359, 98 S.Ct. 2380, 57 L.Ed.2d 253 (1978). In keeping with the nature of class action suits, "class members and parties are not treated identically." *In re Cement Antitrust Litigation*, 688 F.2d 1297, 1309 (9th Cir.1982). Therefore, many courts hold that discovery from putative or absent class members may be allowed only in special circumstances:

> The taking of depositions of absent class members is—as is true of written interrog-

atories—appropriate [only] in special circumstances. And, not unlike the use of interrogatories, the party seeking the depositions has the burden of showing necessity and absence of any motive to take undue advantage of the class members. However, in light of the nature of the deposition process—namely, the passive litigants are required to appear for questioning and are subject to often stiff interrogation by opposing counsel with the concomitant need for counsel of their own—we are of the view that the burden confronting the party seeking deposition testimony should be more severe than that imposed on the party requesting permission to use interrogatories.

*Withers v. eHarmony, Inc.*, 267 F.R.D. 316, 320 (C.D.Cal.2010) (quoting *Clark v. Universal Builders, Inc.*, 501 F.2d 324, 341 (7th Cir.1974) (quotation marks omitted)). The court has broad discretion over pre-class certification discovery. *See Vinole v. Countrywide Home Loans, Inc.*, 571 F.3d 935, 942 (9th Cir.2009). Generally, to depose putative or absent class members, a party must show that "discovery is both necessary and for a purpose other than taking undue advantage of class members." *Baldwin & Flynn v. Nat'l Safety Assocs.*, 149 F.R.D. 598, 600 (N.D.Cal.1993) (citing *Clark*, 501 F.2d at 340–41).

■ Here, the discovery standards governing putative class members are not necessarily applicable. Hall is currently a *named* plaintiff and has not yet been dismissed. Pursuant to Federal Rule of Civil Procedure 41(a)(2), after an opposing party has answered, an action may be dismissed at the plaintiff's request only by the court, on terms that the court considers proper. While Hall's dismissal may be likely, it is not automatic. *Hamilton v. Firestone Tire & Rubber Co.*, 679 F.2d 143, 145 (9th Cir.1982) (court must exercise discretion to determine whether to allow dismissal at all and what terms and conditions, if any, should be imposed). Defendants are certainly entitled to take the deposition of a party. *See* Fed. R. Civ. Proc. 30(a).

Furthermore, as discussed above, the Federal Rules of Civil Procedure clearly provide

that parties may obtain discovery regarding matters relevant to the action. Fed.R.Civ.P. 26(b)(1). Hall claims to have been a consumer of the products challenged by Plaintiffs in this lawsuit. (SAC at 9). His testimony regarding his experience with Relacore weight-loss products is therefore highly likely to be relevant to class certification issues, including commonality and the typicality of the class representative's claims, even if he no longer wishes to be burdened with this litigation.

Furthermore, Hall's unique status in this litigation provides a sufficient ground to justify his deposition even if, at some later date, he will no longer be a named plaintiff. Hall has been a named plaintiff since the filing of the original Complaint, through several amendments of the Complaint, and he did not move to dismiss his claims until after Plaintiffs filed their motion for class certification. Plaintiffs do not contest that Defendants properly noticed Hall's deposition before Hall filed his motion for voluntary dismissal. Likewise, Plaintiffs do not contest that their discussions with Defendants regarding the briefing schedule for Plaintiffs' class certification motion included consideration of Defendants' request to depose Plaintiffs, including Hall, before filing Defendants' opposition. (*See* Resch Decl. at 2; Liao Decl. at 1). Plaintiff's counsel admits that she anticipated that Hall's deposition would go forward and diligently "attempted to obtain Mr. Hall's availability for a deposition." (Liao Decl. at 1). In a similar procedural context where a named plaintiff whose deposition had been properly noticed belatedly withdrew his claims, the court in *In re FedEx Ground Package System, Inc.,* 2007 WL 733753 (N.D.Ind. March 5, 2007), ordered the deposition to go forward, reasoning:

> [Defendant] does not appear to be seeking the testimony of [the proposed deponent] to harass absent class members, nor does the deposition [defendant] seeks appear to be burdensome. Seeking the deposition of one absent class member, who may not even be a class member, from potentially thousands hardly constitutes harassment. Furthermore, performing one deposition,

which was already supposed to have been performed, cannot be considered a burden. *Id.* at \*9. Here, even if Hall was not a named plaintiff, Defendants have satisfied the heightened requirements applying to the discovery of putative or absent class members. *See Baldwin,* 149 F.R.D. at 600. Hall's claims regarding his experiences with the Relacore products have formed one of the bases of Plaintiffs' action from the outset of this litigation. As such, Hall's testimony is therefore likely to be relevant to class certification issues. Information regarding Hall's personal experiences with Relacore weight-loss products is unlikely to be available from other representative parties. Additionally, Defendants do not appear to seek Hall's deposition to harass the witness or for any other improper motive. Nor can it be said that Hall's deposition, which Defendants seek to have scheduled for a single afternoon, is unduly burdensome, either to Hall personally or to Plaintiffs. Because Hall's testimony is relevant, unavailable from other sources, and is not being sought for an improper purpose, Defendants are entitled to his deposition even if Hall is hopeful that he will be dismissed at some later date.

■ Finally, if Hall's motion for dismissal is granted and he is barred from being a putative or absent class member, his testimony as a percipient witness would nevertheless remain relevant and the heightened requirements pertaining to the discovery of putative or absent class members would not apply. *See, e.g., Withers,* 267 F.R.D. at 322 (permitting pre-class certification deposition of a percipient witness who was not an "absent class member" where the witness "ha[d] information relevant to plaintiff's individual claims, plaintiff's suitability and adequacy as a class representative, and plaintiff's 'personal stake' in the litigation"); *In re FedEx Ground Package System, Inc.,* 2007 WL 733753 at \*8–9 (finding that the heightened requirements pertaining to the discovery of putative or absent class members would not apply where plaintiffs withdrew the claims of a formerly named plaintiff upon learning that he did not have an employment relationship with defendant and "may not even be an absent class member"). It is undisputed that Hall had personal experiences with Relacore

weight-loss products. These experiences are relevant to the commonality and typicality of the class representative's claims, whether or not Hall is himself a putative or absent class member. Therefore, Defendants are entitled to take his deposition.

## III.  CONCLUSION

Defendants' Motion to Compel Deposition of Eric Hall is **GRANTED.** Plaintiffs are ordered to produce the witness for deposition on **April 12, 2011,** at 1:00 p.m., at the offices of Mayer Brown LLP, 350 South Grand Ave, 25th Floor, Los Angeles, California. If necessary to reschedule, the parties may only reschedule this deposition by mutual agreement and pursuant to a written stipulation, with a proposed order for the Court's consideration.

IT IS SO ORDERED.