# STATE OF WEST VIRGINIA
# SUPREME COURT OF APPEALS

**S.U.,**
**Petitioner Below, Petitioner**

**FILED**
**February 2, 2021**
EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**vs.)  No. 19-1181** (Gilmer County 19-P-70)

**C.J.,**
**Respondent Below, Respondent**

## MEMORANDUM DECISION

Self-represented petitioner S.U. appeals the Circuit Court of Gilmer County's December 11, 2019, order dismissing his "Emergency Petition to Disestablish Maternity of Gestational Surrogate."[1] Respondent C.J., by counsel Jeffrey M. Strange, filed a response in support of the circuit court's order. Petitioner filed a reply. On appeal, petitioner argues that the circuit court erred in finding that res judicata barred his petition and in failing to rule on the merits of the case.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

The history of the parties, their relationship, and the births of their children were thoroughly discussed in petitioner's prior appeal to this Court. *See S.U. v. C.J.*, No. 18-0566, 2019 WL 5692550 (W. Va. Nov. 4, 2019)(memorandum decision). Accordingly, it is unnecessary for this Court to recount the entirety of the parties' history herein, but it will suffice to reference certain facts that are relevant to the resolution of the instant matter. As this Court previously found, petitioner and respondent were in an intimate relationship for approximately twelve years and have four children together, said children having been conceived in nonconventional ways. *Id*. at *1. The parties initially attempted to conceive children through

---

[1]Consistent with our long-standing practice in cases with sensitive facts, we use initials where necessary to protect the identities of those involved in this case. *See In re K.H.*, 235 W. Va. 254, 773 S.E.2d 20 (2015); *Melinda H. v. William R. II*, 230 W. Va. 731, 742 S.E.2d 419 (2013); *State v. Brandon B.*, 218 W. Va. 324, 624 S.E.2d 761 (2005); *State v. Edward Charles L.*, 183 W. Va. 641, 398 S.E.2d 123 (1990).

1

sexual intercourse, but ultimately utilized various alternative methods of fertilization due to the fact that petitioner was listed as a female on his birth certificate. *Id*. According to petitioner, "he was not a binary male or female at birth, although he has always considered himself to be male." *Id*. Prior to the parties' relationship, petitioner had his ova harvested and stored, and these ova were used to conceive at least three of the parties' children through in vitro fertilization. *Id*. at *1-2. As this Court previously noted, at the time of these procedures, respondent believed that the embryos were from petitioner's sperm and an anonymous egg donor and she gave birth to all four of the parties' children. *Id*. Eventually, respondent became pregnant with twins, at which point the parties' relationship deteriorated and petitioner's history of verbal abuse toward respondent worsened. *Id*. at *2.

Prior to the twins' births, petitioner attempted to preclude respondent from being listed as the mother on the children's birth certificates by filing a "Petition for Declaration of Parentage." *Id.* According to petitioner, he and respondent entered into a custody agreement in 2005 that, in relevant part, required respondent to serve as a gestational surrogate for their three youngest children and precluded her from asserting custody over those children. *Id*. During prior proceedings in family court, petitioner's motion to amend the children's birth certificates to omit respondent was denied. *Id*. Importantly, after holding hearings to resolve the issues between the parties, "[t]he family court concluded that the purported Custodial Agreement was unenforceable" and that respondent's name would remain on the children's birth certificates. *Id*. at *3. Petitioner appealed this decision to the circuit court, which refused his appeal, and on to this Court, which affirmed the family court's ruling. *Id*. at *3-4. In affirming the lower courts, we found that "all of [petitioner's assignments of error] . . . [w]ere grounded on his contention that [respondent] was nothing more than a gestational surrogate for the parties' three youngest children." *Id*. at *4. We found that the family court resolved this conflict in respondent's favor and refused to disturb these findings. *Id*. In ruling that the custody agreement was unenforceable, this Court unequivocally concluded that respondent "is the legal mother of all four children." *Id*.

The same month that this Court issued its decision on his prior appeal, petitioner filed an "Emergency Petition to Disestablish Maternity of Gestational Surrogate" in the Circuit Court of Gilmer County seeking to have respondent removed from the birth certificates of the parties' three youngest children and to have them returned to his custody. Shortly after that petition's filing, the circuit court entered an order dismissing the matter. Citing this Court's opinion in *S.U. v. C.J.*, the circuit court found that the "instant petition appears to be an attempt to have this [c]ourt overturn a decision of the W.Va. Supreme Court of Appeals, which this [c]ourt cannot do." Further, the court found that "[t]he rights of these parties to these children, and the issue of the birth certificate, have previously been decided by the Mason County Family Court, and affirmed by the W.Va. Supreme Court of Appeals." As such, the circuit court found that res judicata precluded petitioner "from re-opening these matters which have already been adjudicated." Accordingly, the court entered its December 11, 2019, order denying the petition. It is from this order that petitioner appeals.

We have previously set forth the following:

"When this Court reviews challenges to the findings and conclusions of the circuit court, a two-prong deferential standard of review is applied. We review

2

the final order and the ultimate disposition under an abuse of discretion standard, and we review the circuit court's underlying factual findings under a clearly erroneous standard." Syl., *McCormick v. Allstate Ins. Co.*, 197 W.Va. 415, 475 S.E.2d 507 (1996).

Syl. Pt. 1, *In re S.W.*, 236 W. Va. 309, 779 S.E.2d 577 (2015).

On appeal, petitioner first asserts that the circuit court erred in finding that res judicata precluded him from proceeding on his petition. We disagree. In addressing res judicata, this Court has explained that

> "[b]efore the prosecution of a lawsuit may be barred on the basis of *res judicata*, three elements must be satisfied. First, there must have been a final adjudication on the merits in the prior action by a court having jurisdiction of the proceedings. Second, the two actions must involve either the same parties or persons in privity with those same parties. Third, the cause of action identified for resolution in the subsequent proceeding either must be identical to the cause of action determined in the prior action or must be such that it could have been resolved, had it been presented, in the prior action." Syllabus Point 4, *Blake v. Charleston Area Med. Ctr., Inc.*, 201 W.Va. 469, 498 S.E.2d 41 (1997).

Syl. Pt. 3, *Beahm v. 7 Eleven, Inc.*, 223 W. Va. 269, 672 S.E.2d 598 (2008). According to petitioner, the merits of the instant action and the prior action are different, as the latter "focused on placing [p]etitioner on the birth certificates of the unborn twin children because he was an unwed parent" while the second action concerns his request to remove respondent's name from the birth certificates. We find petitioner's argument disingenuous, given that it ignores his clear efforts to have respondent's name removed from the children's birth certificates in the prior family court proceeding. In that case, petitioner made a specific motion to have respondent removed from the children's birth certificates and argued that respondent should not be included on the birth certificates because of an alleged custodial agreement, which the lower courts and this Court rejected. *S.U. v. C.J.*, 2019 WL 5692550 at *4. Petitioner's attempt in the instant appeal to manipulate the issues presented in the prior appeal is merely semantic and ignores the fact that the prior matter was concluded by this Court ruling that respondent was the children's legal mother. As such, we find that all three elements for res judicata are met: the prior proceeding resulted in an adjudication on the merits by a court with jurisdiction, the same parties were involved in both actions, and the cause of action determined in the prior action—whether respondent was the legal mother of the children at issue—is identical to the issue presented in the instant case.

Petitioner makes much of the fact that respondent had not yet given birth to the two youngest children when he filed his prior action in order to argue that the issues in the instant matter and the prior matter are not identical. What petitioner fails to recognize, however, is that in his prior case, he fully litigated the propriety of respondent's designation as the children's mother, which is the very issue he attempts to relitigate in this matter. Petitioner also cites to a third-party complaint filed by a hospital against respondent asserting fraud in her completion of a "Mother's Worksheet for Child's Birth Certificate" regarding her biological relation to the two

3

youngest children as evidence that the issue in this matter differs from his prior lawsuit. This argument, however, is willfully obtuse as the ultimate issue being litigated in the two cases is respondent's inclusion on the children's birth certificates. In the prior action, petitioner alleged that respondent disregarded the terms of the alleged custodial agreement by placing herself on the children's birth certificates as their mother when she was simply a gestational surrogate; in the underlying action, petitioner alleged the exact same facts and attempted to bolster his argument with unsubstantiated allegations from a third-party complaint. However, these unproven allegations have no bearing on whether the issues in these two cases differ.

In support of his argument, petitioner asserts that "a limited exclusion to the doctrine of *res judicata* exists in those cases in which a defendant's fraud or misrepresentation has prevented a plaintiff from discovering the existence of his/her claims until after the conclusion of the prior action." *Blake v. Charleston Area Medical Center, Inc.*, 201 W. Va. 469, 478, 498 S.E.2d 41, 49 (1997). Additionally, petitioner correctly points out that "where a plaintiff bringing a subsequent lawsuit was not able to discover or otherwise ascertain his/her claim until after the final adjudication of the prior action, his/her subsequent suit may not automatically be precluded on the basis of *res judicata*." *Id*. While petitioner's recitation of this law is accurate, he errs in its application to the facts of his case. Here, petitioner was not unaware of any claim because of respondent's alleged fraud. On the contrary, petitioner has always asserted that respondent improperly included herself on the children's birth certificates. That he now alleges that she accomplished this through fraud does not entitle him to overcome res judicata, given that the main issues in his two lawsuits are identical. Accordingly, we find petitioner's arguments unavailing.

Petitioner next argues that the circuit court failed to rule on the merits of the instant case. In support, petitioner relies on conjecture and speculation without providing specific evidence or other citation to the record to support his assertions that the circuit court did not read or rely on certain documents or otherwise "mak[e] a scrupulous assessment of the merits and causes of actions" such that the court could not have fully determined the existence of res judicata. Petitioner attacks the circuit court's reliance on this Court's prior decision in dismissing the matter, ignoring the fact that the circuit court's decision in the instant case provides a detailed recitation of the main issues in the first suit and clearly rules that respondent is, in fact, the children's legal mother. It is unclear why petitioner believes this to be insufficient, given that his second suit clearly challenges this same point.

Petitioner goes on to assert that the circuit court's dismissal should have been governed by Rules 12(c) and 56 of the West Virginia Rules of Civil Procedure. According to petitioner, because the court considered issues outside of the pleadings, dismissal under Rule 12(c) of the Rules of Civil Procedure should have been converted into dismissal under Rule 56. Without belaboring petitioner's specific arguments, we find no error in the manner in which the circuit court dismissed the proceedings below upon its finding that res judicata barred petitioner's suit. In short, this Court has previously recognized that "'[a] court on notice that it has previously decided an issue may dismiss the action *sua sponte*, consistent with the *res judicata* policy of avoiding judicial waste[.]' *Bezanson v. Bayside Enterprises, Inc.*, 922 F.2d 895, 904 (1st Cir.1990)." *Gulas v. Infocision Mgmt. Corp.*, 215 W. Va. 225, 229 n.4, 599 S.E.2d 648, 652 n.4 (2004). In citing this case, this Court disagreed with the petitioner's position in that matter that "a

Rule 12(b)(6) motion to dismiss cannot be granted as to the affirmative defense of *res judicata* because such a defense requires looking beyond the pleadings and would convert the motion to dismiss into a summary judgment." *Id*. Just as we rejected that argument in *Gulas*, we reject it here.

While the circuit court in the instant matter was not the same court that previously decided the issue involved in this appeal, it was clearly aware that the issue of whether respondent was the children's legal mother had been squarely decided by this Court. Therefore, under the limited circumstances of this case, we find no error in the circuit court's decision to dismiss the petition as barred by res judicata in the interest of avoiding judicial waste. We acknowledge that "generally, circuit courts are prohibited from sua sponte dismissing claims." *Humphrey v. Deal*, No. 19-1009, 2020 WL 6482785 at *3 n.2 (W. Va. Nov. 4, 2020)(memorandum decision) (citing Syl. Pt. 2, *Hanlon v. Boone Cty. Cmty. Org., Inc.*, 182 W. Va. 190, 386 S.E.2d 847 (1989)). However, as we acknowledged in *Humphrey*, "[n]evertheless, there are exceptions," and we find that the limited facts of this case lend themselves to such an exception. *Id*. Indeed, we have recognized that "[r]es judicata 'relieve[s] parties of the cost and vexation of multiple lawsuits, conserve[s] judicial resources, and, by preventing inconsistent decisions, encourage[s] reliance on adjudication.'" *Dan Ryan Builders, Inc. v. Crystal Ridge Dev., Inc.*, 239 W. Va. 549, 803 S.E.2d 519 (quoting *Allen v. McCurry*, 449 U.S. 90, 94, 101 S.Ct. 411, 66 L.Ed.2d 308 (1980)). Accordingly, we find that petitioner is entitled to no relief.

Finally, we direct the circuit court to hold a hearing on whether attorney's fees and costs associated with any defense of this action are appropriate for respondent, in light of petitioner's attempts to relitigate an issue that was previously fully resolved.

For the foregoing reasons, we find no error in the decision of the circuit court, and its December 11, 2019, order is hereby affirmed.

Affirmed.

**ISSUED**: February 2, 2021

**CONCURRED IN BY**:

Chief Justice Evan H. Jenkins
Justice Elizabeth D. Walker
Justice Tim Armstead
Justice John A. Hutchison
Justice William R. Wooton